# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAY E. HOLSTEIN,
                Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
                Agency.

DOCKET NUMBER
PH-0752-17-0210-I-1

DATE: November 14, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jim Kutz</u>, Esquire, Harrisburg, Pennsylvania, for the appellant.

<u>Lauren Russo</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his allegedly involuntary resignation for lack of jurisdiction without holding the requested hearing. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        On review, the appellant seems to request that the Board consider the agency's alleged actions from his perspective—as a disabled veteran with anxiety. Initial Appeal File (IAF), Tab 3 at 3; Petition for Review (PFR) File, Tab 1 at 4-5; *see Baker v. U.S. Postal Service*, 84 M.S.P.R. 119, ¶ 15 (1999) (finding that the relevant issue is whether a reasonable person with the employee's specific physical or mental condition would have felt forced to retire). He failed, however, to detail the extent of his medical conditions, specify how they impaired his decision-making abilities, or explain how they would have caused a reasonable person with such conditions to perceive the agency's actions as so coercive or improper that the person would have had no realistic alternative but to resign.[2] *See Baker*, 84 M.S.P.R. 119, ¶ 22. Nevertheless, after taking the appellant's asserted medical conditions into consideration, we find that he failed

[2] The record reflects that the appellant did not resign from the Federal service but instead accepted a transfer. IAF, Tab 9 at 40-41. However, because the appellant asserts that he was coerced into resigning, and a coerced transfer is analogous to a coerced resignation, we refer to the appellant's departure from the agency as a resignation. IAF, Tab 3 at 3; *see Colburn v. Department of Justice*, 80 M.S.P.R. 257, ¶ 6 (1998).

to nonfrivolously allege working conditions so intolerable that a reasonable person in his position would have felt compelled to resign. IAF, Tab 1 at 6, 10-12, Tab 3 at 3; *see Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶¶ 13, 15, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011).[3]

¶3      The appellant argues that the administrative judge demonstrated his bias and abused his discretion by granting the agency's request for additional time to file its response to his initial appeal. PFR File, Tab 1 at 3. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Walker-King v. Department of Veterans Affairs*, 119 M.S.P.R. 414, ¶ 14 (2013). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *Id.* The appellant makes no such showing here, and we find that the administrative judge's actions do not evidence favoritism or antagonism.

¶4      Additionally, an administrative judge's rulings on motions generally will be reversed only upon a showing that the ruling was inconsistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case. 5 C.F.R. § 1201.115(c). Administrative judges have substantial discretion to rule on motions, and a request for an extension of time may be granted upon a showing of good cause—an elastic concept that rests upon principles of equity and justice. *Owens v. Department of Homeland Security*, 97 M.S.P.R. 629, ¶ 6 (2004). The appellant's conclusory allegation that the agency missed its filing deadline due to incompetence does not establish that the administrative judge abused his discretion or evidenced bias in granting the agency's request. PFR File, Tab 1 at 3. Nor does the appellant assert how he was

---

[3] A nonfrivolous allegation in the context of this appeal is an allegation of fact that, if proven, could establish that the agency coerced the appellant's resignation. *See Brown*, 115 M.S.P.R. 609, ¶ 11; 5 C.F.R. § 1201.4(s).

prejudiced by the administrative judge's ruling. Indeed, in light of the appellant's failure to make a nonfrivolous allegation of Board jurisdiction, the agency's submission was largely immaterial to the disposition of this case. Similarly, the appellant's conclusory assertion that the administrative judge displayed unpreparedness does not establish that he abused his discretion or that the appellant was prejudiced. *Id.*

¶5   Finally, the appellant also alleges that the agency failed to sufficiently investigate his complaint of discrimination. *Id.* at 3-5. The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 7 (2017), *aff'd sub nom. Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018). It is apparent that the Board has no jurisdiction to adjudicate the appellant's allegation regarding the agency's investigation.[4]  *See* 5 C.F.R. § 1201.3. For the reasons set forth above, we affirm the initial decision and dismiss the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[4] In determining the voluntariness of a resignation, the Board will consider whether an agency inequitably handled an appellant's discrimination complaint. *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009). Here, however, the appellant filed his complaint after resigning. IAF, Tab 1 at 9, 13, Tab 9 at 40. Accordingly, the agency's alleged inequitable handling of his complaint could not have been a factor in his decision to resign.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.